[No. 11793.  Department One.  September 4, 1914.]

## J. C. FARRINGTON, *Appellant,* v. MICHAEL MORRIS *et al.,* *Respondents.*[1]

CONTRACTS—EXECUTION—EVIDENCE — SUFFICIENCY.   The evidence sufficiently shows that the owner of a building did not agree with a materialman to pay his account with contractors for material furnished them and used in the building, where he testified that he made no such promise, and he was corroborated by the circumstance that he was protected by a bond, thereby precluding the probability that he would have assumed a responsibility already resting on the contractors and the bonding company.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered July 10, 1913, upon findings in favor of defendants, in an action on contract, tried to the court.   Affirmed.

*Charles T. Goodsell,* for appellant.

*Oscar Cain,* for respondents.

Gose, J.—This is an action by the plaintiff, a materialman, to recover the value of certain cement, sold and delivered to contractors, and used by them in the construction of a building owned by the respondents.   He alleges that the respondents, the owners of the building, subsequent to the delivery of the material, agreed to pay his account.   There was a judgment in favor of the plaintiff and against the contractors for the value of the material furnished, and a judgment in favor of the owners for their costs.   Plaintiff has appealed.

The court found that the respondents did not agree to pay the account.   In commenting upon the testimony, he said that his view was fortified by the fact that the respondents took a bond to secure them against liens upon their property, and that, in view of this fact, it was not likely that they would voluntarily agree to pay for the material.

[1]Reported in 142 Pac. 867.

The case presents a question of fact only. The respondent husband testified that he did not promise to pay for the material. He is corroborated by the important circumstance that he was protected by a bond, and it seems incredible that he would have assumed a responsibility which rested upon the contractors and the bonding company. A further discussion of the case would be profitless. We have read the abstract of the evidence, and agree with the court that appellant has not proven his case by a preponderance of the testimony.

The judgment is affirmed.

CROW, C. J., CHADWICK, ELLIS, and MAIN, JJ., concur.